IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE GAGE, | No. C 11-04688 SI |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION TO STRIKE** |
| v. | |
| PACIFIC UNION INTERNATIONAL, INC, | |
| Defendant. | |

Plaintiff's motion to strike is currently scheduled for hearing on January 20, 2011. Pursuant to Civil Local Rule 7-1(b), the Court determines the matter is appropriate for submission without oral argument and hereby VACATES the hearing. Based on the record, the Court DENIES plaintiff's motion to strike, and, *sua sponte*, recognizes defendant's amended answer as the operative answer in this case.

**BACKGROUND**

Plaintiff Julie Gage brings this suit for damages and injunctive relief against her former employer, Defendant Pacific Union International and Does 1 through 50. (Pl.'s Compl. ¶ 1.) Plaintiff alleges that after five years of employment with defendant, plaintiff experienced a medical emergency that caused her to take a roughly four week leave of absence. (*See* Pl.'s Compl. ¶¶ 2, 9, 20.) Defendant terminated plaintiff during this leave. (Pl.'s Compl. ¶¶ 2, 18.) Plaintiff's complaint alleges defendant terminated her employment in violation of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq.* ("FMLA"), the California Family Rights Act, Cal. Govt. Code § 12945.2 ("CFRA"), and public policy. (*See* Pl.'s Compl. ¶¶ 2, 20, 21-47.) On November 3, 2011, defendant filed an answer

which included, *inter alia*, numerous affirmative defenses. (*See* Def.'s Original Answer 4-7.)

On November 23, 2011, plaintiff filed a motion to strike from the answer defendant's second through twentieth affirmative defenses. (Pl.'s Mot. to Strike 1.) Plaintiff alleges, *inter alia*, that these defenses are insufficiently pled because they "do not meet the Rule 8 heightened pleading requirements articulated in the Supreme Court's *Iqbal* and *Twombly* decisions." (Pl.'s Mot. 2.)[1]

On November 28, 2011, defendant contacted plaintiff's counsel requesting plaintiff take the motion off the court's calendar, and offering to amend defendant's answer to include factually specific affirmative defenses. (Adams Dec. 7, 2011 Decl. ¶ 3.) Plaintiff's counsel refused to response to the request without first seeing a draft of defendant's amended answer. (*Id.*) On December 5, 2001, defendant's counsel emailed the amended answer, and further requested that plaintiff stipulate to defendant's filing an amended answer "to avoid asking for leave . . . to amend." (Adams Dec. 7, 2011 Decl. ¶ 4.)

On December 7, 2011, defendant filed an "Opposition to Plaintiff's Motion to Strike Defendant's Affirmative Defenses." (Def.'s Dec. 7, 2011 Opp. 1.) In fact, defendant's submission lacked any briefing, but included a declaration from defendant's counsel discussing the amended answer, as well as a copy of the amended answer that defendant emailed to plaintiff's counsel on December 5, 2011. (Adams Dec. 7, 2011 Decl. ¶ 6.; Def.'s Amended Answer). The amended answer included revisions to defendant's affirmative defenses, pled in greater detail than the affirmative defenses submitted in defendant's original answer. (*Compare* Def.'s Original Answer 4-7 *with* Def's Amended Answer 4-8.)

On December 14, 2011, plaintiff filed a reply noting defendant's failure to file opposing briefing. (Pl.'s Dec. 14, 2011 Reply.) Plaintiff attached a declaration by plaintiff's counsel, stating that plaintiff's counsel "did not agree to stipulate to an amended complaint without seeing the proposed amendment," and "did not have time to properly review, research or respond to defense counsel between the time she

---

[1] *Bell Atlantic Corp.* v. *Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Courts disagree on the application of the *Twombly* and *Iqbal* pleading standard to affirmative defenses. *Compare Barnes v. AT&T Pension Benefit Plan-Nonbargained Program,* 718 F. Supp. 2d 1167, 1171-72 (N.D. Cal. 2010) (Patel, J.) *and CTF Dev., Inc. v. Penta Hospitality, LLC* No. C 09-02429, 2009 WL 3517617, at *7-8 (Alsup, J.) ("Under the *Iqbal* standard, the burden is on the defendant to proffer sufficient facts and law to support an affirmative defense.") *with Trustmark Insurance Co. v. C&K Market, Inc.*, No. CV 10-465-MO, 2011 WL 587574, at *2 (D. Ore. 2011) (Mosman, J.) (declining to extend Twombly"s standard to affirmative defenses)..

sent the proposed amended complaint on December 5, and the time [defendant's counsel] filed her Declaration in opposition to plaintiff's motion to strike on December 7, 2011." (Knisbacher Dec. 14, 2011 Decl. ¶¶ 2, 3.)

On December 15, 2011, defendant filed, for the first time, its brief in opposition to plaintiff's motion, which proposed that the Court accept defendant's amended answer as the operative answer in this litigation:

> Even though Defendant believes its affirmative defenses [in its original answer] are adequately plead under any standard, Defendant has attempted to meet and confer with plaintiff in order to avoid the necessity of this motion and offer to file an amended answer attempting to address plaintiff's concerns, but plaintiff has failed to cooperate. For these reasons, this motion should be denied, or, alternatively, granted and Defendant allowed to file its proposed amended answer.

(Def's Dec. 15, 2011 Opp. 2.)

In plaintiff's reply to defendant's December 15, 2011 opposition, plaintiff reiterates her *Twombly* and *Iqbal* arguments with respect to the affirmative defenses in defendant's original answer. (*See, e.g.*, Pl.'s Dec. 30, 2011 Reply 7). As to defendant's proposed amended answer, plaintiff argues that the proposed amendments "only complicate[] matters." (Pl.'s Dec. 30, 2011 Reply 2.) Plaintiff argues that defendant's claim that it has insufficient information to admit or deny the facts in paragraph's 10-17 of Plaintiff's Complaint,[2] directly contradicts certain of defendant's allegations in its proposed amended answer.[3] (Pl.'s Dec. 30, 2011 Reply 2-3 (citing Def.'s Amended Answer ¶¶ 3, 4, at 5:5-11).)

---

[2] Plaintiff focuses on the following facts:
   1) That Ms. Gage began a vacation;
   2) That she e-mailed her boss, saying she was sick;
   3) That she sent another email two days later, and received a reply from her boss;
   4) That Defendant asked Ms. Gage for a letter from her doctor;
   5) That Ms. Gage obtained the letter, sent it to Defendant, and followed-up with an email to ensure that Defendant received the letter.
(Pl's Dec. 30, 2011 Reply 2).

[3] The paragraphs at issue in defendant's proposed amended answer state:
   3. Defendant reasonably believed that Plaintiff was absent and failing to attend to her employment duties with no legal justification.
   4. It was a business necessity that Defendant have an Human Resources representative in order to help them, not only with FMLA and CFRA compliance, but also various large projects, . . . that were pressing and imminent at the time of Plaintiff's absence.
(Def's Amended Answer ¶¶ 3 and 4, at 5:5-11.)

3

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(f) a Court may strike affirmative defenses from a pleading, if they present "an insufficient defense." Fed. R. Civ. P. 12(f).  The underlying purposes of Rule 12(f) are to avoid spending time and money litigating spurious issues.  *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994); *Barnes v. AT & T Pension Benefit Plan-Nonbargained Program*, 718 F. Supp. 2d 1167 (N.D. Cal. 2010) (same).

**DISCUSSION**

The Court hereby ADOPTS defendant's proposed amended answer as the operative answer in this litigation, and DENIES plaintiff's motion to strike.  The Court need not resolve plaintiff's arguments regarding the proper pleading standard for affirmative defenses in the wake of the *Twombly* and *Iqbal* decisions, because plaintiff only raised those arguments with respect to defendant's original answer.

The affirmative defenses in the amended answer are sufficiently detailed to survive a motion to strike.  Further, contrary to plaintiff's claims, defendant's "affirmative allegations" in its amended complaint do not require the Court to conclude that defendant had sufficient information about the allegations in paragraphs 10 through 17 of Plaintiff's Complaint to admit or deny those allegations.  Defendant's having insufficient information to confirm or deny facts alleged in paragraphs 10 through 17 of Plaintiff's Complaint is not necessarily inconsistent with defendant's having an allegedly reasonable belief that plaintiff lacked a legal justification for being "absent and failing to attend to her employment duties." (Def's Amended Answer ¶¶ 3 and 4, at 5:5-11.)

Therefore, the Court VACATES the January 20 hearing, DENIES plaintiff's motion to strike, and ADOPTS defendant's amended complaint as the operative complaint in this litigation.

**IT IS SO ORDERED.**

Dated: January 19, 2012

SUSAN ILLSTON
United States District Judge